■ Up-Front Industries, Inc., et al., Appellants-Respondents, v U. S. Industries, Inc., et al., Respondents-Appellants.—Order, Supreme Court, New York County, entered March 15, 1977, granting defendants' motion for summary judgment dismissing the second, third and fourth causes of action in the complaint, and dismissing the first cause of action with leave to replead, and denying plaintiffs' motion for summary judgment, is unanimously modified, on the law, to the extent of denying defendants' motion for summary judgment dismissing the second, third and fourth causes of action, and the order is otherwise affirmed, without costs. The second, third and fourth causes of action are based on claimed breaches by defendants of an employment agreement. There was a memorandum dated January 21, 1975 between the parties stating the basis or "operating conditions" of the relationship between the parties. Special Term held that as the memorandum contained no definite term for duration of the employment, the agreement was terminable at will; that in any event, the omission of a duration date rendered the agreement unenforceable under the Statute of Frauds, since the agreement was incapable of performance within one year (General Obligations Law, § 5-701). The memorandum of January 21, 1975 is an interim agreement and does not purport to be a complete integration of all the terms of the parties' agreement. It is thus not inconsistent with an oral agreement for a duration otherwise than at will. There is some evidence indicating that the parties orally understood that the term would be from "season to season" or "year to year," which thus might not be barred by the Statute of Frauds, depending upon what is meant by "season to season" or "year to year." It was also plaintiffs' somewhat inconsistent contention that the duration of the agreement was to be "for so long a period as defendants continued to manufacture and market" the particular product and "until such time as such marketing and manufacture ceased by any of defendants' companies." Such an agreement may also not be barred by the Statute of Frauds. *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171.) Inconsistency of plaintiffs' version raises questions of credibility but does not justify the grant of summary judgment. We have not been asked to and we do not pass on the sufficiency of the pleadings. We deem defendants' cross appeal abandoned. Concur—Sullivan, J. P., Bloom, Lane, Markewich and Silverman, JJ.